*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2901-GHK (JCx) | Date | August 18, 2016 |
|---|---|---|---|
| Title | *Ravinder Sood, et al. v. JP Morgan Chase Bank N.A., et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U.S. DISTRICT JUDGE** | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:**     (In Chambers) Order to Seek Entry of Default and File Proof of Service

On April 28, 2016, Plaintiffs Ravinder Sood and Sapna Sood (collectively, "Plaintiffs") filed the above-captioned action against Defendants JP Morgan Chase Bank, N.A. ("JP Morgan"); Newport Beach Holdings, LLC ("Newport Beach"); Land Home Financial Services, Inc. ("Land Home"); and Dreambuilder Investments, LLC ("Dreambuilder"). [*See* Dkt. 2.] On July 27, 2016, Plaintiffs voluntarily dismissed Land Home with prejudice. [Dkt. 24.] The remaining Defendants JP Morgan, Newport Beach, and Dreambuilder have not yet responded to the Complaint. On August 16, 2016, Plaintiffs and Newport Beach filed a stipulation, which extended the deadline for Newport Beach to respond to the Complaint to August 24, 2016. [*See* Dkt. 33.]

Federal Rule of Civil Procedure 4(h)(1)(A) states that a domestic corporation, partnership, or other unincorporated association can be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under California Code of Civil Procedure § 416.40(b), "A summons may be served on an unincorporated association" that is not a general or limited partnership "by delivering a copy of the summons and of the complaint . . . to the person designated as agent for service of process in a statement filed with the Secretary of State or to the president or other head of the association, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the association to receive service of process." A defendant must respond to the Complaint within twenty-one days after being served with the Summons and Complaint. *See* Fed. R. Civ. P. 12(a)(1).

On June 17, 2016, Plaintiffs filed a proof of service ("POS") on JP Morgan stating that, on June 7, 2016, they served the Complaint to Vivian Imperial, which is "designated by law to accept service of

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-2901-GHK (JCx) | Date | August 18, 2016 |
|---|---|---|---|
| Title | *Ravinder Sood, et al. v. JP Morgan Chase Bank N.A., et al.* | | |

process on behalf of" JP Morgan. [Dkt. 9.][1] On August 3, 2016, pursuant to the Parties' stipulation, we extended JP Morgan's deadline to file a responsive pleading to August 11, 2016. [Dkt. 30.] The deadline for JP Morgan to respond to the Complaint has passed, and JP Morgan has not responded to the Complaint. Accordingly, Plaintiffs are hereby **DIRECTED** to seek entry of default as to JP Morgan **within seven days hereof** or else show cause in writing, within the same seven days, why this action should not be dismissed for Plaintiffs' failure to diligently prosecute and failure to comply with our Order. Failure to timely request entry of default or show cause as required herein shall be deemed Plaintiffs' abandonment of this action as to JP Morgan, and JP Morgan will be dismissed without prejudice for failure to prosecute and failure to comply with our Order.

On July 28, 2016, Plaintiffs filed a POS on Dreambuilder stating that, on July 15, 2016, they served the summons on Zenzi Scott, "sister of Synta Humphries," who is "designated by law to accept service of process on behalf of" Dreambuilder. [Dkt. 28.] The POS lists "5632 Weaver Place, Oakland, CA 94619" as Dreambuilder's address. [*Id.*] This POS does not appear to sufficiently show that proper service was effectuated on Dreambuilder. First, service on the sister of a person designated by law to accept service of process on behalf of an unincorporated association is not a proper method of service under California Code of Civil Procedure § 416.40, and we are unaware of any other authority allowing for service in this manner. Second, it is unclear whether Plaintiffs have served the proper entity. The California Secretary of State lists two business entities under the name "Dreambuilders Investments, LLC." One entity lists "Synta Humphries" as the "agent for service of process," and lists an agent address as 2209 E. 29th St., Oakland, California. The other lists "Mharla Ortega" as the "agent for service of process" and lists an agent address as 5632 Weaver Pl., Oakland, California. Plaintiffs' POS seems to indicate that they have used the agent for service of process from the first entity—Synta Humphries—but the agent address from the second entity—5632 Weaver Pl., Oakland, California 94619.

In light of these apparent deficiencies with the Dreambuilder POS, Plaintiffs are **ORDERED to show cause**, in writing, within **seven days hereof**, why the POS for Dreambuilder is proper or, if not proper, why Dreambuilder was not properly served. Failure to timely or adequately show cause as required herein shall be deemed Plaintiff's abandonment of this action as to Dreambuilder, and this action will be dismissed without prejudice as to Dreambuilder for failure to prosecute and failure to comply with our Order.

---

[1] This document was subsequently stricken for lack of a title page and party caption. [*See* Dkts. 10-11.] No subsequent POS for JP Morgan was filed.

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2901-GHK (JCx) | Date | August 18, 2016 |
|---|---|---|---|
| Title | *Ravinder Sood, et al. v. JP Morgan Chase Bank N.A., et al.* | | |

**IT IS SO ORDERED.**

                                                        : 

Initials of Deputy Clerk      PS